# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**VALERIA WYCO, WIDOW OF STANLEY WYCO,**
**Claimant Below, Petitioner**

**FILED**

May 7, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 17-0974** (BOR Appeal No. 2052002)
(Claim No. 2015012489)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**GREEN CONSTRUCTION COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Valeria Wyco, widow of Stanley Wyco, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by B. Allen Campbell, its attorney, filed a timely response.

The issue on appeal is whether Mrs. Wyco is entitled to dependent's benefits. The claims administrator denied the request for dependent's benefits on June 17, 2015. The Office of Judges affirmed the decision in its May 25, 2017, Order. The Order was affirmed by the Board of Review on October 2, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Wyco worked for Green Construction Company as a driller and blaster prior to his death. In June of 1989, a treatment note by Donald Rasmussen, M.D., indicates Mr. Wyco had moderately severe, partially reversible obstructive ventilator impairment. On July 12, 1989, Dr. Rasmussen noted that Mr. Wyco had a long history of silicon dioxide exposure. There was x-ray evidence of pneumoconiosis and indicated that he had occupationally induced silicosis. Jes Floreaca, M.D., stated in a treatment note on July 21, 1989, that Mr. Wyco was totally and permanently disabled as a result of pulmonary impairment caused by exposure to rock dust. In a hearing in November of 1989, the Occupational Pneumoconiosis Board testified that Mr. Wyco had total pulmonary function impairment attributable to occupational pneumoconiosis. Mr. Wyco was granted a permanent total disability award for occupational pneumoconiosis on February 6, 1990.

Treatment notes from Access Health Rural Acres indicate Mr. Wyco was treated by Shrikant Bembalkar, M.D., on October 16, 2007. Dr. Bembalkar diagnosed coal workers' pneumoconiosis, chronic obstructive pulmonary disease, and hypoxia and noted that he was on supplemental home oxygen. On July 20, 2014, the diagnoses were listed as silicosis and occupational pneumoconiosis due to railroad and construction work, chronic sinusitis, asthmatic bronchitis, chronic obstructive pulmonary disease, hypoxia, resection of colon cancer, and diabetes, among others.

On November 12, 2008, Mr. Wyco underwent bilateral femoral artery cut downs, aortogram, and endovascular abdominal aortic aneurysm repair. Treatment notes by James Lohan, M.D., indicate Mr. Wyco was diagnosed with stage II transverse colon cancer. He was treated with surgical excision and on February 14, 2014, he was doing well and did not require chemotherapy.

Mr. Wyco was admitted to Charleston Area Medical Center for atrial fibrillation on April 25, 2012. On April 29, 2012, he underwent a myocardial perfusion scan which showed an area of ischemia with a possible small infarction. The left ventricle was moderately reduced and the right was enlarged and thickened. A May 1, 2012, treatment note by John Goad, M.D., indicates Mr. Wyco had a left heart catherization, coronary angiography, and left ventricular pressures. The findings were severe left anterior descending artery disease with collaterals filling the distal vessel, mild coronary artery disease, decreased left ventricle function, renal insufficiency, and atrial fibrillation. A treatment note by Stacy Groom, Nurse Practitioner, dated February 6, 2013, indicates Mr. Wyco had an echocardiogram that showed cardiomyopathy, coronary artery disease, hypertension, and diabetes.

Charles Porterfield, M.D., stated in a July 15, 2013, consultation report that Mr. Wyco had known occupational pneumoconiosis and silicosis due to working on the railroad. He smoked for thirty pack years and stopped twenty years prior. Mr. Wyco was treated for sudden onset of coughing up blood. A CT scan showed an opacity, which was likely scarring. A bronchoscopy was scheduled. A July 23, 2013, CT report indicates Mr. Wyco had emphysema, enlargement of the liver with steatosis, and chronic obstructive pulmonary disease.

From July 28, 2013, through August 2, 2013, Mr. Wyco was hospitalized at Charleston Area Medical Center for coughing up blood. Tamajiro Takubo, M.D., performed a fiber optic bronchoscopy the following day in which he found an endobronchial lesion and noted the blood was coming from the left upper lobe. The pathology report showed an aspirated foreign body and fibrous tissue with acute inflammation. Dr. Takubo performed a second bronchoscopy on August 2, 2013. He found multiple, thick old blood clots in the right lung and mild active oozing in the left upper lobe.

Dr. Bembalkar's August 8, 2013, treatment note indicates Mr. Wyco was diagnosed with silicosis and occupational pneumoconiosis due to railroad work, asthmatic bronchitis, chronic obstructive pulmonary disease, recurrent coughing up blood, hypoxia, and chronic respiratory insufficiency. Treatment notes from Pulmonary Associates of Charleston indicate Mr. Wyco reported coughing, spitting up blood, shortness of breath, and occasional wheezing on August 8, 2013. He was diagnosed with dyspnea, very severe chronic obstructive pulmonary disease, and hemoptysis. A CT scan was performed and showed multiple areas of concern. An open lung biopsy was scheduled to check for cancer and showed no malignant cells.

On September 12, 2013, a chest CT scan showed multiple new areas of subpleural nodularity and emphysema. It was questionable whether Mr. Wyco had a metastatic disease or an infection. On January 16, 2014, a CT scan showed a very small area of infiltrate, an unchanged one centimeter density in the right upper lobe, emphysema, and hepatic steatosis. A treatment note by Glenn Ridenour, M.D., that same day indicates Mr. Wyco was stable and off of anti-mycobacterial therapy. He had no progressive symptomology and no progressive CT scan findings. On July 17, 2014, Dr. Ridenour indicated Mr. Wyco underwent another CT scan which showed irregular soft tissue density in the right upper lobe that had been present since July of 2013. On August 22, 2014, chest x-ray showed a stable irregular opacity in the right upper lobe and moderate changes from emphysema.

Mr. Wyco was admitted to Charleston Area Medical Center on August 26, 2014, for colon cancer surgery. A chest x-ray taken two days later showed a partially collapsed left lung. In a September 4, 2014, consultation report, Robby Keith, M.D., noted that Mr. Wyco was currently sedated and on a ventilator. He diagnosed respiratory failure, chronic obstructive pulmonary disease, diabetes, and acute renal failure. A chest x-ray showed unchanged atelectasis. Khan Shabih, M.D., performed a nephrology consultation on September 6, 2014, in which he diagnosed acute kidney injury and recommended dialysis.

In a September 7, 2014, consultation report, Chafik Assal, M.D., was asked to review sinus bradycardia. He recommended a cardiology evaluation, management of shock, and treatment for suspected sepsis. A note by James Pettit, M.D., indicated Mr. Wyco was in suspected shock due to sepsis. A chest x-ray showed interstitial opacities and the atelectasis was improving. A chest x-ray taken on September 9, 2014, showed persistent air space disease in the left lung base and a small amount of pleural fluid on the left. On September 15, 2014, a chest x-ray showed lung collapse and/or pneumonia, left worse than right. On September 23, 2014, a chest x-ray showed improving opacity in the lower left lobe.

The September 23, 2014, discharge summary from Charleston Area Medical Center indicates Mr. Wyco was admitted after a biopsy showed colon cancer. He underwent extensive bowel section removal. Two days later, Mr. Wyco developed a temperature and tachycardia. He was taken back to surgery for an exploratory laparotomy on August 28, 2014. He then developed a post-operative obstruction. On September 4, 2014, he underwent a second exploratory laparotomy which showed a leak spilling into the abdomen. He was discharged on September 23, 2014.

On September 27, 2014, Mr. Wyco arrived by ambulance at Raleigh General Hospital in cardiac arrest. He passed away shortly after arrival. The death certificate, signed by Dr. Bembalkar, lists the immediate cause of death as cardiopulmonary arrest. Secondary causes were colon cancer, chronic obstructive pulmonary disease, hypoxia, coronary artery disease, and diabetes.

The Occupational Pneumoconiosis Board findings of May 12, 2015, indicate Mr. Wyco was examined on July 9, 1988, and found to have 5% impairment for occupational pneumoconiosis. The Occupational Pneumoconiosis Board found the imaging studies from September 6, 2014, through September 23, 2014, showed occupational pneumoconiosis changes that were minimal at best. After reviewing the medical records, the Occupational Pneumoconiosis Board concluded that occupational pneumoconiosis was not a material, contributing factor in Mr. Wyco's death. The claims administrator denied Mrs. Wyco's request for dependent's benefits on June 17, 2015.

In a letter dated September 18, 2015, Dr. Bembalker noted that Mr. Wyco was a driller and construction blaster. He had severe lung disease, as seen on x-rays and pulmonary function tests. Dr. Bembalker noted that Mr. Wyco had multiple other problems which eventually resulted in his death. Though the death certificate did not list occupational pneumoconiosis or silicosis as causes of death, it was his opinion that the conditions were major contributing factors in Mr. Wyco's death.

Dr. Takubo stated in an October 20, 2015, letter that he first saw Mr. Wyco in July of 2013 for coughing up blood and treated Mr. Wyco until his death. Mr. Wyco suffered from chronic shortness of breath, frequent bronchitis, and coughing up blood. Dr. Takubo opined that Mr. Wyco's lung disease and diffusion abnormalities were greater than would be expected for an individual with a fifteen-pack-year history of smoking. Dr. Takubo further opined that Mr. Wyco's occupational exposure more likely than not led to occupational pneumoconiosis, which contributed to his death.

On November 25, 2015, Dominic Gaziano, M.D., opined in a letter that Mr. Wyco's death was primarily due to occupational pneumoconiosis. He stated that cardiopulmonary arrest should not have been listed as the cause of death on the death certificate because all deaths are related to cardio-respiratory failure unless there is brain death first. Dr. Gaziano opined that Mr. Wyco did not die of colon cancer, he died as a result of complications from the surgeries for colon cancer. Those complications were primarily due to his chronic lung disease, which required ventilatory support. While he had significant coronary artery disease, it was not a

significant factor in his death. Therefore, Dr. Gaziano concluded that Mr. Wyco's death was the result of respiratory failure due to occupational pneumoconiosis and chronic obstructive pulmonary disease.

Valeria Wyco, Mr. Wyco's wife, testified in a deposition on December 18, 2015, that Mr. Wyco was first treated for colon cancer in 2009. In 2014, it returned. Mr. Wyco was on oxygen constantly, though it was only supposed to be at night, and had been on oxygen for ten years or more. She stated that Mr. Wyco was eating breakfast the morning he died. He stopped breathing and she performed cardiopulmonary resuscitation. Mrs. Wyco stated that in July of 2014, Mr. Wyco coughed hard and caused a lung bleed for which he was taken to the emergency room. She also stated that no autopsy was performed after Mr. Wyco died.

In a November 14, 2016, record review, Gregory Fino, M.D., noted that Mr. Wyco suffered from serious lung disease due to dust exposure and smoking. Lung function studies showed severe chronic obstructive pulmonary disease. Numerous chest x-rays and CT scans showed no evidence of occupational pneumoconiosis or silicosis. Dr. Fino noted that silicon dioxide was one of the primary dust exposures. Dr. Fino opined that Mr. Wyco had significant chronic obstructive pulmonary disease, likely caused by cigarette smoking. He noted that there is no reliable evidence in medical literature that asbestos or silica dust causes chronic obstructive pulmonary disease. Dr. Fino concluded that Mr. Wyco would have died how and when he did with or without his history of dust exposure. He found that the death could have been due to chronic obstructive pulmonary disease or coronary artery disease equally. Occupational pneumoconiosis was not present and played no role in the death.

The Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges on April 5, 2017. It noted that Mr. Wyco had been granted a permanent total disability award for occupational pneumoconiosis. Based on radiological evidence, the Board stated that it could not make a diagnosis of occupational pneumoconiosis. In 2008, Mr. Wyco had an aortic aneurysm repair. He had colon cancer in 2009. In 2013, he had bypass surgery for coronary artery disease. He also suffered from congestive heart failure and MAC complex. The Occupational Pneumoconiosis Board noted that Mr. Wyco had colon cancer in 2014 and most of his colon was removed on August 26, 2014. He was released to return home on September 23, 2014. He passed away four days later and the Board noted that it was unaware of the events surrounding his death. It stated that he appeared to have died from complications from his previous surgery, though the cause of death was unknown. The Board found that it did not make clinical sense to find that the death was the result of respiratory failure caused by occupational pneumoconiosis. It concluded based on the evidence that occupational pneumoconiosis was not a material, contributing factor in Mr. Wyco's death.

The Office of Judges affirmed the claims administrator's denial of dependent's benefits on May 25, 2017. It found per West Virginia Code § 23-4-6a (2005) that the standard of review is whether or not the Occupational Pneumoconiosis Board was clearly wrong in its opinion. The Office of Judges found that Mr. Wyco suffered from multiple severe, chronic medical conditions. He did suffer from severe breathing problems and was found to have total pulmonary impairment due to occupational pneumoconiosis. Medical records also show that he had severe chronic

obstructive pulmonary disease, which was not caused by occupational pneumoconiosis. The Office of Judges noted that he also had serious cardiac conditions, including congestive heart failure. The Occupational Pneumoconiosis Board was not sure of the cause of death but believed it was most likely due to the aftermath of his colon cancer that required three separate surgeries in September of 2014. The Office of Judges noted that there were treating physicians who found occupational pneumoconiosis was a material contributing factor in the death and that Dr. Fino found that it was not. The Office of Judges concluded that it was a close case, but after review, it could not find that the Occupational Pneumoconiosis Board was clearly wrong in its conclusion that occupational pneumoconiosis was not a material contributing factor in Mr. Wyco's death. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 2, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The burden of proof is on Mrs. Wyco to show that occupational pneumoconiosis was a material, contributing factor in Mr. Wyco's death. Further, West Virginia Code § 23-4-6a (2005) states that the standard of review is whether or not the Occupational Pneumoconiosis Board was clearly wrong in its opinion. Mr. Wyco had multiple, serious, chronic medical conditions. In the weeks prior to his death, he was hospitalized for colon cancer and underwent three separate surgeries. The death certificate does not list occupational pneumoconiosis as a cause of death. Given the evidence of record, it cannot be said that the Occupational Pneumoconiosis Board was clearly wrong in its decision.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2018**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

**DISSENTING:**
Chief Justice Margaret L. Workman.